PER CURIAM
The Commission on Retirement, Removal and Discipline seeks discipline against Respondent, the Honorable Christina Kun-za Mennemeyer. See Mo. Const. art. V, sec. 24.3; Supreme Court Rule 12.07(c). After considering the findings of fact, conclusions of law, and recommendation of the Commission, and in accordance with this Court’s independent review of the record, Respondent is suspended, without pay, for a period of six months beginning February 1, 2017. See In re Hill, 8 S.W.3d 578, 580 (Mo. banc 2000).
I.
On November 6, 2014, the director of the Missouri State Public Defender System filed a detailed complaint against Respondent. The director alleged a “judicial practice of deliberately postponing the appointment of counsel to indigent defendants in probation violation cases until after the time period for disqualification of the judge has passed, for the stated and overt reason of preventing the public defender from disqualifying her.” The director further charged that Respondent “threatened to bring bar complaints against any public defender who entered an appearance in advance of her appointment date.”
The dispute began in 2013 concerning the interpretation of section 600.042, RSMo Supp. 2013. The public defender’s office believed that it had discretionary authority to provide legal services to eligible persons when appropriate. Respondent, however, disagreed, believing a court order was required before such services could be provided.
In an e-mail to the public defender’s office, Respondent stated:
Effective immediately, I will be filing bar complaints on any attorney who purports to represent a client without proper authority. This means when they file an entry in a case they have no authority to enter on, I believe they are in violation of the rules of ethics. The ethics commission can then sort it out. The solution is simple. Don’t enter or purport to represent a client on a case you have not been ordered into by a Judge if it is a probation case. Follow the procedure and wait to be appointed.
Attempting to resolve the dispute, the director requested an opportunity to meet and “come up with a resolution that will meet your concerns and mine.” Respondent would not, stating that the suggestion for a meeting was “presumptuous” and “a joke.”
The director then learned that Respondent was going to continue probation revocation cases at least 60 days because she was tired of the public defender’s office disqualifying her. The court clerk testified that when she submitted the form to Respondent for an indigent defendant to be represented by the public defender’s office, Respondent gave it back to her, stating: “I’m not appointing them right now, I’m waiting 60 days to—so the public defender cannot disqualify me.”
The record shows that the time lapse from the service of process to the appointment of counsel was 60 days or longer in a number of cases. In each delayed appointment, the defendant filed an application that showed no significant income or assets. And in each case, the defendant was confined on the date of the first appearance. During the same time period a num *284 ber of cases came before Respondent for appointment of counsel, but the defendants had no right to request a change of judge due to Respondent having previously been assigned to the case. In those cases, Respondent made the appointment of counsel well before 60 days.
On December 4, 2015, the Commission issued a notice to Respondent to appear and answer the charge of engaging in “a practice of postponing the appointment of counsel to indigent defendants in probation revocation cases until after the time period for obtaining change of judge had passed thereby subverting the defendants’ right to a change of judge.” The charge was subsequently amended to include four counts alleging violations of the Code of Judicial Conduct and misconduct under the Missouri Constitution.
Within weeks of receiving notice of the judicial complaint, on December 29, 2015, Respondent filed a complaint with the office of chief disciplinary counsel stating that although a public defender was legally allowed to enter his appearance in a habe-as corpus proceeding, the Respondent nevertheless felt obligated to file the complaint because of her disagreement with the public defender’s office concerning representation of indigent defendants in probation revocation cases. Respondent ultimately conceded' before the Commission that the actions of the public defender in the habeas corpus proceeding were legal and that it would be appropriate for her to withdraw her complaint.
At the hearing on the complaint against Respondent, the Commission received exhibits and testimony, including Respondent’s testimony. See In re Elliston, 789 S.W.2d 469, 472 (Mo. banc 1990). Following the hearing, the Commission found as follows:
The Commission finds that there was no reason to not appoint the Public Defender on the first court appearance in [cases where it was delayed beyond 60 days].
The Commission finds that Respondent postponed the appointment of counsel ... and thereby the defendants’ rights to a change of judge and the rights to access to counsel were subverted.
The Commission further finds that Respondent’s conduct was intentional for the purpose of avoiding the Public Defender’s opportunity to obtain a change of judge.
The Commission also finds ... that the conduct ,.. was a practice or pattern of conduct.
The Commission finds Respondent’s actions of threatening and then in filing an ethics complaint against [a public defender] ... to be coercive, operating to restrict the ability of the Public Defender Office to represent them clients, and appeared to be and was filed in retaliation for a complaint filed by the Director of the Public Defender Office against Respondent.
In accordance with these findings of fact, the Commission “found serious violations of the Code of Judicial Conduct,” including Rules 2-1.1, 2-1.2, 2-2.2(A)-(B), 2-2.3(A), 2-2.5(A), 2-2.6(A), 2-2.16, as well as misconduct under article V, section 24, of the Missouri Constitution. The Commission then submitted to this Court a transcript of the record of all evidence and of all proceedings before it, along with its findings of fact, conclusions of law, and recommendation that Respondent be suspended from office without pay for a period of six months. Respondent did not file a brief in this Court with any objections to the Commission’s findings, conclusions, or recommendation and did not request oral argument. See Rule 12.08.
*285 II.
“This Court has the ultimate responsibility to ‘remove, suspend, discipline or reprimand any judge of any court.’ ” In re Hill, 8 S.W.3d at 581 (quoting Mo. Const. art. V, sec. 24). This Court “independently reviews the evidence and the Commission’s fact findings.” Id. (citing In re Buford, 577 S.W.2d 809 (Mo. banc 1979)). “Where credibility is at issue, this Court gives substantial consideration and due deference to the Commission’s ability to judge the credibility of witnesses appearing before it.” Id. (citing In re Briggs, 595 S.W.2d 270 (Mo. banc 1980)). Disciplinary charges must be proved by a preponderance of the evidence. In re Baber, 847 S.W.2d 800, 802 (Mo. banc 1993).
Regardless of the correct interpretation of any law—section 600.042 in this case— it is a violation of the Code of Judicial Conduct, and misconduct under the constitutional standard, for a judge to intentionally subvert the rights of litigants. See In re Hill, 8 S.W.3d at 583 (noting this Court must find the judge violated a constitutional standard such as misconduct); Mo. Const. art. V, sec. 24.3 (Disciplinary action against a judge is authorized “for the commission of a crime, or for misconduct ... or oppression in office.”); see also In re Elliston, 789 S.W.2d at 477 (noting that a threat to continue an action following disqualification was subject to discipline because the manner in which the judge informed counsel was “discourteous, abrasive and misconduct in office”).
The Code of Judicial Conduct for Missouri judges provides, in pertinent part, as follows:
A judge shall comply with the law, including the Code of Judicial Conduct.
Rule 2-1.1.
A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.
Rule 2-1.2.
(A) A judge shall uphold and apply the law, and shall perform all duties of judicial office promptly, efficiently, fairly and impartially.
(B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate all litigants, including self-represented litigants, being fairly heard.
Rule 2-2.2(A)-(B).
A judge shall perform the duties of judicial office without bias or prejudice.
Rule 2-2.3(A).
A judge shall perform judicial and administrative duties competently and diligently.
Rule 2-2.5(A).
A judge shall accord to every person who has a legal interest in a proceeding, or that person’s lawyer, the right to be heard according to law.
Rule 2-2.6(A).
(A) A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.
(B) A judge shall not retaliate, directly or indirectly, against a person known or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.
Rule 2-2.16(A)-(B).
Having reviewed the evidence before the Commission, it is clear that Respondent intentionally delayed the appointment of public defenders to subvert the rights of indigent defendants. She did this, ostensibly, because of a disagreement over whether the public defender’s office could enter *286 an appearance for an indigent defendant in probation violation cases.
Interfering with the administration of justice, as in this case, undermines the “public confidence in the independence, integrity, and impartiality of the judiciary,” to say nothing of the lack of promptness, efficiency or fairness to a defendant’s right to be heard. What is more, the impact of Respondent’s misconduct operated to prejudice indigent defendants who were confined and awaiting appointment of counsel. Their right to be heard according to law was delayed. Finally, Respondent’s threats of filing disciplinary complaints against counsel, and ultimately filing a disciplinary complaint in retaliation for a judicial complaint filed by the director of the public defender’s office, violates the Code of Judicial Conduct and constitutes misconduct. Even if it was not in retaliation, as Respondent claimed, it was inconsistent with the propriety with which a judge should act.
III.
The evidence supports each of the charges brought against Respondent and constitutes violations of Rules 2-1.1, 2-1.2, 2-2.2(A)-(B), 2-2.3(A), 2-2.5(A), 2-2,6(A), 2-2.16, as well as misconduct under article V, section 24, of the Missouri Constitution. The Court, therefore, accepts the recommendation of the Commission and suspends the Honorable Christina Kunza Mennemeyer, without pay, for a period of six months beginning February 1, 2017.
Breckenridge, C.J., Stith, Draper, and Russell, JJ., concur; Wilson, J., concurs in separate opinion filed; Fischer, J., concurs in opinion of Wilson, J.